301 F.2d 301
 Coy KINCHEN and Mabel Kinchen, d/b/a Coy-Mabel Kinchen Lumber Company, et al., Appellants,
v.
LEXINGTON INSURANCE CO. et al., and Arkansas Oak Flooring Co., Intervenor, Appellees.
LEXINGTON INSURANCE COMPANY et al., Appellants,
v.
ARKANSAS OAK FLOORING CO., Intervenor, Appellee.
 No. 18835.
 United States Court of Appeals Fifth Circuit.
 February 26, 1962.
 On Petition for Rehearing March 30, 1962.
 Second Petition for Rehearing Denied April 25, 1962.
 
 Robert J. Vandaworker, J. Elton Huckabay, David W. Robinson, Baton Rouge, La., for appellants.
 Victor A. Sachse, Baton Rouge, La., for appellees.
 Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DeVANE, District Judge.
 PER CURIAM.
 
 
 1
 It now appears to the Court that the policy and certificates of Lexington and its associated insurance companies, must, in any event, have remained in force for the benefit of the mortgagee, Arkansas Oak Flooring Company at the time of the fire. The Lexington policy and the certificates were received by Arkansas Oak Flooring Company on Saturday, January 12, 1956. Some five or six days theretofore, the Kinchens had discontinued the watchman service, and we have held that Arkansas, through its employee Baird, was informed of such discontinuance. Arkansas cannot be charged with notice that the Lexington policy and the certificates required the use of a night watchman earlier than Saturday, January 12, and perhaps not before Monday, January 14. If on January 12 Arkansas had given notice to Lexington and its associated companies that the Kinchens did not have a night watchman, the policy and certificates could not have been cancelled as to Arkansas between that time and the destruction of the property by fire shortly after midnight on January 15. If Arkansas had given such notice, then under the terms of the mortgage clause[1] the policy would have become null and void only upon Arkansas' failure or refusal on demand to pay the premium for such increased hazard. That did not occur. Further, if Lexington and its associates had given Arkansas notice of cancellation as early as January 12, the policy and certificates would have continued in force for the benefit of Arkansas for ten days thereafter, or well beyond the date of the fire.
 
 
 2
 Arkansas had a reasonable time after discovering the requirement of watch service when it received the Lexington policy and certificates, in which either to cause the watch service to be resumed or to notify the insurance companies of its absence. With no express provisions in the policies or certificates defining such reasonable time, it would appear by analogy to the provisions quoted in footnote 1, supra, that Arkansas' failure to notify the insurance companies within the short time before the fire occurred could not have resulted in termination of the insurance.
 
 
 3
 Rehearing in favor of Arkansas is therefore granted, and the judgment of the district court in favor of Arkansas is affirmed.
 
 
 
 Notes:
 
 
 [1]
 In pertinent part:
 "Provided, also that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this Policy, it shall be noted thereon and the mortgagee (or trustee) shall on demand pay the premium for such increased hazard for the term of the use thereof; otherwise this Policy shall be null and void.
 "This Company reserves the right to cancel this Policy at any time as provided by its terms, but in such case this Policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease and this Company shall have the right on like notice to cancel this agreement."
 
 
 
 4
 TUTTLE, Chief Judge (dissenting).
 
 
 5
 With deference I must dissent from the order of the Court granting rehearing in favor of Arkansas Oak Flooring Company, mortgagee, and affirming the judgment in its favor by the trial court.
 
 
 6
 The trial court entered its judgment in favor of Arkansas Oak Flooring Company on the basis that, as mortgagee, it had received no notice of the abandonment of the watchman service by the assured. We have held in our original opinion, and have reaffirmed it here, that Arkansas received such notice on January 6 or 7. We held in our original opinion that, having received this notice and then on January 12 having received the insurance policy which contained a provision providing that "the mortgagee shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee," the failure of Arkansas Oak Flooring Company to comply with this requirement through the time on which the fire occurred on January 15, constituted such breach by it of its obligation under the standard mortgage clause as to deny it the right to recover.
 
 
 7
 The majority opinion, on rehearing, seeks to equate the obligations of the mortgagee to notify the company of any increase in hazard with another clause of the policy which gives the company the absolute right, without cause, to cancel the policy at any time, in which event it must give the mortgagee ten days' notice within which it can protect itself by substituting other insurance. This is the second clause quoted in footnote 1 of the majority opinion on rehearing.
 
 
 8
 With all deference, I think these two clauses have no relation to each other. I think the first clause clearly provides that if the mortgagee, upon receiving knowledge of an increase in hazard, fails to notify the company of this increase in hazard then "otherwise this policy shall be null and void." It seems to me that when the company, with knowledge that the watchman service was no longer being provided, received the policy on January 12, which clearly required watchman service, it was its clear duty to notify the insurance company of this change in increase in hazard.
 
 
 9
 I agree with the majority opinion that the mortgagee had a reasonable time in which to do this. However, since the mortgagee had, upon a coincidence of its receipt of the policy and its knowledge of the existence of the increased hazard on January 12, all of the knowledge necessary to require it to act, I do not see how it could be held as a matter of fact or as a matter of law that its failure through business hours of January 15 to make any move towards notifying the insurance company could satisfy the requirement that it act within a reasonable time. Nothing remained for it to do but simply to decide to do what the policy required of it. If, on the other hand, it should be conceded that it was required to do nothing on Saturday or Sunday, January 12 or 13, and it is clear that on Monday it sent the policy to its insurance adviser, who thereafter did nothing on Monday, the 14th or Tuesday, the 15th, I would determine as a matter of law that it did not comply with its obligation to notify the insurance company of the increased hazard within a reasonable time.
 
 
 10
 In any event, I think the equation of reasonable time permitted for notifying the insurance company with the ten days' notice which the mortgagee becomes entitled to under the cancellation clause is clearly not warranted. The most that could be done at this stage of the proceeding, it seems to me, is that the case would be reversed to the trial court solely for the purpose of determining whether the failure of the mortgagee to attempt to give notice of any kind prior to the fire satisfied its requirement to give notice of the increased hazard within a reasonable time. This issue has not been passed upon by the trial court, and I do not see how this Court can determine the mortgagee's failure even to start a proceeding to give notice until after the fire occurred satisfied the requirement of notice within a reasonable time. I therefore, respectfully dissent.
 
 
 11
 ON PETITION FOR REHEARING OF LEXINGTON INSURANCE COMPANY, ET AL.
 
 
 12
 PER CURIAM.
 
 
 13
 In granting the petition for rehearing of the mortgagee, Arkansas Oak Flooring Company, and affirming the judgment of the district court in favor of that Company, we overlooked the objections of the insurance companies to the amount of that judgment.
 
 
 14
 The district court entered judgment in favor of Arkansas in accordance with the following finding of fact:
 
 
 15
 "The interest of Arkansas Oak Flooring Company in the proceeds of the policies issued by defendants is as follows:
 
 
 16
 "(a) Balance due on Note $11,467.20
 "Interest on this balance to
 11/1/57 1,157.39
 "Interest at the rate of 5%
 per annum to run on the
 $11,467.20 from 11/1/57 until
 paid; and an additional
 25% on the total of
 all of the above sums as
 Attorneys' fees.
 "(b) Building $ 5,000.00
 With interest at the rate
 of 5% from 1/2/58 until
 paid."
 
 
 17
 The insurance companies question the allowance of attorney's fees on the mortgage indebtedness. Recovery vel non of attorney's fee by the mortgagee from the mortgagor is, of course, to be determined in accordance with the provisions of the note, the pertinent provision in this case being an agreement,
 
 
 18
 "Should it become necessary, at maturity, to place this note in the hands of an attorney at law for collection, adjustment, compromise or suit, to pay the fees of the Attorney employed for the purpose at the rate of 25% on the aggregate amount of said principal and interest."
 
 
 19
 The record reveals that at the time of the fire the note was past due, but there is no proof that it had become necessary to place the note in the hands of an attorney for collection, adjustment, compromise or suit. At the time of the fire, therefore, no attorney's fee had accrued to the mortgagee, and the district court erred in allowing an attorney's fee against the insurance companies.
 
 
 20
 The district court further found that the other insurance companies, defendants in another action, had deposited $15,853.21 in the Registry of the Court which the court found to be the full amount of their liability under their policies, and that the Kinchens and Arkansas had accepted the tender of that amount and are entitled to credit on the present judgment in that amount, $15,853.21. The appellant insurance companies call attention that the date of the deposit making the tender was May 16, 1958, and that the deposit was accepted by the mortgagee on December 3, 1959. We agree with the appellant insurance companies that interest on that amount of $15,853.21 should cease as of the date that it was tendered, May 16, 1958, rather than as of the date of entry of the present judgment, October 17, 1960.
 
 
 21
 The findings of the district court as to the amount of the judgment to be entered in favor of Arkansas are not challenged in any other respect. The petition for rehearing of Lexington Insurance Company, et al., is granted, the judgment in favor of Arkansas Oak Flooring Company is vacated, and the case remanded for entry of judgment in favor of Arkansas as heretofore calculated by the district court subject to the modifications directed in this opinion.
 
 
 22
 ON SECOND PETITION FOR REHEARING OF ARKANSAS OAK FLOORING CO.
 
 
 23
 PER CURIAM.
 
 
 24
 The petition for rehearing of Arkansas Oak Flooring Co. based on the decision of this Court entered March 30, 1962, is
 
 
 25
 Denied.